UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRIUS HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00588-JRS-MJD |
| | ) |
| B. LAMMER, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On December 3, 2019, Demetrius Hill filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding that commenced with Incident Report No. 3172629. Dkt. 1. The respondent filed a return to order to show cause on January 22, 2020, dkt. 8, and Mr. Hill replied on April 27, 2020, dkt. 18. The action is ripe for resolution.

For the reasons explained in this Entry, Mr. Hill's habeas petition must be **denied**.

**A.     Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

1

In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Jones,* 637 F.3d at 845.

### B.     The Disciplinary Proceeding

Incident Report No. 3172629 was written charging Mr. Hill with committing 224A attempted assault and 203 threatening with bodily harm. The report stated:

> On September 21, 2018, at 7:05 p.m., in the Special Housing Unit, an immediate use of force took place involving inmate Demetrius Hill Reg. No. 68133-053. Specifically, inmate Hill submitted to restraints for the purpose of being moved to another cell. While the cell door was opening, inmate Hill defeated one cuff and attempted to exit the cell. Inmate Hill actively resisted staff as they reapplied restraints. Inmate Hill did attempt to strike me with a closed fist several times. After being restrained, inmate Hill was moved to another cell. While being moved, inmate threatened me several times by stating he was going to get me the first chance he got and stating he going to have my job.

Dkt. 8-1 at 45 (errors in original).

Mr. Hill was provided with a copy of the Incident Report on September 22, 2018. Dkt. 8-1 at 44. An investigating lieutenant referred the matter to the Unit Disciplinary Committee (UDC) for further review. Dkt. 8-1 at 3, ¶ 10. A UDC hearing was conducted and Mr. Hill had a staff representative and presented written statements from two inmate witnesses. *Id.* Mr. Hill's statement to the UDC was: "I was maliciously attacked, handcuffs were never placed on me." *Id.* The UDC referred the charge to the Discipline Hearing Officer (DHO) for further action. *Id.*

On September 24, 2018. Mr. Hill was advised of the DHO referral and advised of his rights at the hearing. Dkt. 8-1 at 4, ¶ 11. Mr. Hill waived his right to a staff representative and witnesses. *Id.*

On October 10, 2018, Mr. Hill was advised that the DHO had added a third charge, a violation of a Prohibited Act 208 (interfering with a locking device). Dkt. 8-1 at 4, ¶ 12. He was

2

advised that he had a right to receive this notice 24 hours prior to the hearing, but he elected to waive that right and proceed with the hearing immediately. *Id.*

At the October 10, 2018, hearing, Mr. Hill stated: "They were putting me in a cell with a dude I don't get along with. I wanted another cellie. Lt came to the cell I refused to cuff. They pretended to cuff me. They rolled the door, he punched me in my mouth. I then charged them." Dkt. 8-1 at 4, ¶ 13. Mr. Hill also presented a written statement in which he denied the allegations against him. *Id.*

The DHO considered a statement Mr. Hill made to the investigating lieutenant, in which Mr. Hill said the Incident Report was "false." *Id.* The DHO also considered the statement Mr. Hill made to the UDC, the two witness statements provided to the UDC, the memoranda that staff wrote after the incident, video of the incident, the Incident Report, and Mr. Hill's disciplinary history. *Id.* The DHO also notified the Bureau of Prisons (BOP) Special Investigative Service of Mr. Hill's allegations of staff misconduct. *Id.*

The staff memorandum from Officer C. Mason stated:

> On 9/21/2018 at 7:05pm I Officer Mason approached inmate Hill, Demetruis (68133-053) cell 217 B-Upper to move him with an appropriate cellmate. I applied the hand restraints, once the door was open inmate Hill had slipped his mechanical hand restraints, and was trying to push himself out the door onto the range. He became aggressive towards staff and would not follow staffs orders. We then placed the inmate on the ground and reapplied the mechanical hand restraints and escorted inmate hill from cell 217 B-upper to cell 116 A-lower with no further incident.

Dkt. 8-1 at 45.

The staff memorandum from Officer L. Tindell stated:

> On 09-21-2018 I was assigned to the Special Housing Unit as the number five officer. At approximately 7:05 p.m. I was at cell 217 Range B-Upper where inmate Hill, Demetrius #68133-053 is assigned. Inmate Hill was being moved from cell 217 to be consolidated with an appropriate cell mate when he became assaultive toward staff. Once the cell door was open Hill attempted to push his way out of the

3

cell onto the range. When staff gained control of inmate Hill, he was escorted to cell 116 without further incident.

*Id.*

The staff memorandum from Officer R. Prestel stated:

On September 21, 2018 at approximately 7:05 PM. I, Officer Prestel, approached Cell Z05-217 housing inmate Hill. Demetrius #68133-053 to move him in with an appropriate cell-mate. While at the door, inmate Hill refused several staff orders to submit to hand restraints to move. After several minutes, inmate Hill complied with staff orders to submit to hand restraints. Once secured in restraints, the cell door was opened and inmate Hill became immediately aggressive and rushed head first at staff. At this point, staff attempted to gain control of the inmate and I clearly observed his left hand was freed from his hand restraints. I assisted in placing inmate Hill on the ground and reapplying hand restraints to his left hand. Once the mechanical hand restraints were secured I escorted inmate Hill from Z05-217 to Z01-116 without further incident. I was a willing participate [sic] and received no injuries.

*Id.* at 46.

The DHO weighed the evidence and found Mr. Hill guilty of all three charges. Dkt. 8-1 at 4, ¶ 14. For Code 224A, Mr. Hill was sanctioned with 21 days of disallowed good credit time (GCT), 21 days of forfeited non-vested GCT, and loss of phone and commissary privileges. *Id.* For Code 203, Mr. Hill lost 21 days of GCT and loss of MP3 player privileges. *Id.* For Code 208, Mr. Hill lost 21 days of GCT and email and visitation privileges. *Id.* A copy of the DHO report was provided to Mr. Hill on November 7, 2018. *Id.*

### C. Analysis

Mr. Hill argues that his due process rights were violated during the disciplinary proceedings. His claims are that: 1) he was denied his right to call witnesses at the DHO hearing; 2) he was denied a staff representative;  3) he was denied materials he requested, including all use of force memoranda and other incident reports written by the reporting lieutenant; 4) he was denied

the opportunity to view the video evidence; and 5) he was denied 24 hour notice of the added charge.

The DHO states in a sworn affidavit that Mr. Hill waived his right to call witnesses, waived his right to a staff representative, and waived his right to 24 hours' notice of the added charge. Dkt. 8-1 at 4, ¶¶ 11, 12; dkt. 8-1 at 45. Nonetheless, the DHO did consider two witness statements presented to the UDC by Mr. Hill. Dkt. 8-1 at 13, ¶¶ 11, 12; dkt. 8-1 at 46. Moreover, a petitioner "lacks a right to a lay advocate unless he is illiterate or the subject matter is complex." *Martin v. Zatecky*, 749 F. App'x 463, 466 (7th Cir. 2019). There is no indication that Mr. Hill is illiterate or he did not understand the proceedings. Claims one, two, and five lack merit.

Next, Mr. Hill argues that he was denied all use of force memoranda and incident reports for assault, attempted assault, or threatening written by Lt. Wingered so that he could identify other witnesses to prove that the officer had assaulted other inmates. There is no record that Mr. Hill requested this evidence, but even if he had, the right to present evidence extends only to "material, exculpatory evidence" that would not "unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.* at 848, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). Prison officials are not required to permit the presentation of "irrelevant or repetitive evidence…[n]or are officials required to allow the presentation of evidence that could threaten institutional safety or correctional goals." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). Here, even if the reporting officer had charged other inmates with assault, that would not contradict the finding of guilt against Mr. Hill.

5

Mr. Hill's final claim is that he was denied the opportunity to review the video. The DHO viewed the video and concluded that it supported the reporting officer's statement. Dkt. 8-1 at 46. "[T]he video shows you resisting staff and attempting to exit your cell as reported by the reporting officer." *Id.* at 47. The Court has reviewed the video and found nothing exculpatory. Therefore, there is no due process error under these circumstances. *See Estrada v. Holinka*, 420 F. App'x 602, 605 (7th Cir. 2011) ([P]rison officials determined that the video was not exculpatory and gave [petitioner] a written report detailing the substance of the video; due process did not require that they do more.").

In sum, Mr. Hill was given proper notice and had an opportunity to defend the charges. The DHO provided a written statement of the reasons for the findings of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the findings of guilt. Under these circumstances, there were no violations of Mr. Hill's due process rights.

### D.     Conclusion

For the above reasons, Mr. Hill is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   3/10/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS HILL
58133-053
THOMSON USP - Satellite Camp
USP Thomson
Satellite Camp
P.O. Box 1002
Thomson, IL 61285

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov